UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PABRINY THORNTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action |
| v. | § | |
| | § | No. 4:21-cv-472 |
| NEHLS FOR CONGRESS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT NEHLS FOR CONGRESS**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Nehls for Congress ("NFC") respectfully files its Answer and Defenses to Plaintiff's Complaint (Doc. 1), and shows the Court as follows:

## ANSWER TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(d), Defendant denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles and headings are reproduced in this Answer for organizational purposes only, and NFC does not admit any matter contained therein.

## COMPLAINT

1. NFC does not dispute that Plaintiff has brought this action against it, but denies that Plaintiff has any lawful grounds for asserting such action. By way of further answer, NFC denies that it violated the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Paragraph 2 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits that, as a general matter, 28 U.S.C. § 1331 grants this Court jurisdiction to hear federal questions. NFC denies that it has committed any violation of applicable law or that Plaintiff has otherwise demonstrated this Court's subject matter jurisdiction over any claims against NFC.

3. Paragraph 3 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, NFC admits that, as a general matter, this Court has personal jurisdiction over it.

4. Paragraph 4 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, NFC admits that, as a general matter, 28 U.S.C. § 1391(b) addresses the appropriate venue for cases over which this Court may have jurisdiction, including that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." NFC denies that it has committed any violation of applicable law.

## PARTIES

5. NFC admits that Pabriny Thornton is the plaintiff in this case. NFC lacks sufficient knowledge or information to form a belief about the truth of the remaining

allegations contained in Paragraph 5, and on that basis denies those allegations in their entirety.

6. NFC admits that "person" as defined in the cited provision includes an individual.

7. NFC admits that Freedom Hall, 1612 Crabb River Road, Richmond, Texas 77469 is a valid address.

8. Paragraph 8 contains assertions of law, conclusory statements, and/or argument to which no response is required.

9. Paragraph 9 contains assertions of law, conclusory statements, and/or argument to which no response is required.

**FACTUAL ALLEGATIONS**

10. NFC lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

11. NFC denies the allegations contained within paragraph 11 of the complaint.

12. NFC denies the allegations contained within paragraph 12 of the complaint.

13. NFC denies the allegations in paragraph 13 in their entirety.

14. NFC lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

15. Paragraph 15 contains assertions of law, conclusory statements, and/or argument to which no response is required.

16. NFC lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 16, and on that basis denies those allegations in their entirety.

17. NFC denies the allegations within Paragraph 17 in their entirety.

18. NFC lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 18, and on that basis denies those allegations in their entirety.

19. Paragraph 19 contains assertions of law, conclusory statements, and/or argument to which no response is required. NFC denies that it violated the TCPA.

**COUNT 1**

**Defendant Violated the TCPA 47 U.S.C. § 227(b)**

20. Paragraph 20 contains assertions of law, conclusory statements, and/or argument to which no response is required.

21. Paragraph 21 contains assertions of law, conclusory statements, and/or argument to which no response is required.

23. NFC denies the allegations contained within Paragraph 23 of the complaint.

24. NFC denies the allegations contained within paragraph 24 of the complaint.

25. NFC denies the allegations contained within paragraph 25 of the complaint.

26. Paragraph 26 contains assertions of law, conclusory statements, and/or argument to which no response is required. NFC denies that it violated the TCPA.

27. Paragraph 27 appears to be missing words and therefore its meaning is uncertain. Assuming Plaintiff intended to allege that "Defendant's calls to Plaintiff's cellular telephone [were made] without any prior express consent," NFC denies the allegations in paragraph 27 of the complaint.

28. NFC lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 28, and on that basis denies those allegations in their entirety.

29. Paragraph 29 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, NFC denies the allegations in this Paragraph.

30. Paragraph 30 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, NFC denies the allegations in this Paragraph.

31. Paragraph 31 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, NFC denies the allegations in this Paragraph.

## COUNT II

## Defendant Violated the TCPA 47 U.S.C. § 227(C)

32. No response is required to Paragraph 32.

33. Paragraph 33 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, NFC denies the allegations in this Paragraph.

34. NFC lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 34, and on that basis denies those allegations in their entirety. Further, this paragraph does not indicate which manner or mode of contact Plaintiff refers to, so it is impossible for NFC to understand the allegation.

35. NFC denies those allegations in their entirety.

36. Paragraph 36 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

37. Paragraph 37 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

38. Paragraph 38 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

## PRAYER

NFC denies that any relief sought by Plaintiff in paragraphs (a)-(g) in the "Prayer" section of her Complaint is appropriate and warranted.

## AFFIRMATIVE DEFENSES

1. NFC asserts that Plaintiff has failed to state claims upon which relief can be granted.

2. NFC asserts that it has fully complied with all applicable laws.

3. Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action under the TCPA.

4. The alleged political communications are exempt from an action under the TCPA.

5. Plaintiff fails to satisfy all conditions precedent and necessary to maintain her claims.

6. Plaintiff's damages, if any, and none being admitted, were not caused by NFC, but by another person or entity, for whom NFC is not responsible and over whose activities NFC exercises no control and/or has no right to control.

7. NFC is not liable for the acts of the third party(ies) making and/or initiating the communications and recovery, if any, should be from the third party(ies) that made and/or initiated the communications, not NFC.

8. NFC is not liable for acts of a third party(ies) that made the alleged communications because such party was, at all relevant times, separate and distinct from NFC and NFC has no ownership, direction or control of any such party(ies).

9. Plaintiff's claims may be barred by the exceptions provided under the TCPA.

10. Plaintiff's claims may be barred because Plaintiff did not suffer any actual damages.

11. Plaintiff's claims may be barred for failure to join necessary and indispensable parties.

12. Plaintiff's claims for treble damages are barred because NFC did not engage in knowing or willful misconduct.

13. Plaintiff's claims may be barred because NFC did not make or initiate the some or all of the alleged communications that are the subject of the Complaint, did not authorize any individual or entity to make some or all of the alleged communications on its behalf, did not control the manner and/or means by which some or all of the alleged communications were made, and did not ratify the actions of any third party making some or all of the alleged communications.

14. NFC complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by NFC's compliance with all applicable state, federal, and local laws and regulations.

15. To the extent Plaintiff seeks to hold NFC liable under the TCPA for communications it did not make and/or initiate, the TCPA does not provide for any such liability, including, but not limited to, strict "on behalf of" liability.

16. Plaintiff's claims are barred because NFC did not use an automatic telephone dialing system as defined under the TCPA.

17. Plaintiff's claims are barred because NFC is a tax-exempt nonprofit organization.

18. The communications for which Plaintiff complains do not constitute telephone solicitations because they were not made for the purpose of encouraging the purchase of property, goods, or services.

19. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, NFC incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

**RESERVATION**

NFC reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

**DEFENDANT'S PRAYER**

For the foregoing reasons, Defendant asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Austin M. B. Whatley*
Austin M. B. Whatley
Texas Bar No. 24104681
Southern District No. 3348472
austin@najvarlaw.com
*Of Counsel*

Jerad Najvar
Texas Bar No. 24068079
Southern District No. 1155651
2180 N. Loop W., Ste. 255
Houston, TX 77018
Tel.: 281.404.4696
Fax: 281.582.4138
jerad@najvarlaw.com
*Attorney-in-Charge*

NAJVAR LAW FIRM, PLLC
2180 N. Loop W.,
Suite 255
Houston, TX 77018
*Of Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through CM/ECF system on April 12, 2021, to all counsel of record.

*/s/ Austin M. B. Whatley*
Austin M. B. Whatley